Filed 2/17/23  P. v. Cresham CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B320204 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA075346 |
| WILLIAM MARTIN CRESHAM, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

On February 5, 2019, the People filed a four-count information against appellant. Count 1 charged assault by means likely to produce great bodily injury, a violation of Penal Code[1] section 245, subdivision (a)(4). Count 2 charged criminal threats, a violation of section 422. Counts 3 and 4 charged misdemeanor contempt of court, violations of section 166, subdivision (c)(1). As to Counts 1 and 2, the information alleged appellant was previously convicted of two serious and/or violent felonies and suffered two prison priors in violation of sections 447 subdivisions (b) through (j) and 665.5. As to Count 2, the information also alleged appellant suffered two prior serious felony convictions in violation of section 667, subdivision (a)(1). On May 3, 2019, a jury convicted appellant of all four counts and, in a bifurcated bench trial, the court found appellant had sustained the prior convictions and prison priors as alleged.

At sentencing on December 19, 2019, the trial court struck the five-year prison priors alleged as to Count 1. The court imposed eight years in state prison on Count 1: the upper term of four years doubled pursuant to section 667, subdivision (e)(1). It sentenced appellant to 25 years to life on Count 2. It added two 5-year prison priors as to Count 2, for a total aggregate term of 25 years to life plus 18 years. Appellant was also sentenced on Counts 3 and 4 to concurrent time.

On June 11, 2021, this court affirmed the convictions and sentence. (*People v. Cresham* (June 11, 2021, B303803) [nonpub. opn.].)

---

[1] Undesignated statutory references are to the Penal Code.

The charges arose when appellant beat his girlfriend and threatened to kill her. At the time of the assault, appellant was also under a 10-year criminal protective order to stay away from the victim. (*People v. Cresham, supra,* B303803.)

On March 7, 2022, appellant filed a petition for recall of his sentence (specifically the upper term sentence of eight years on Count 1) based on Senate Bill No. 567 (2021–2022 Reg. Sess.). He argued the facts justifying the upper term were not found by a jury, as required by the new law. Senate Bill No. 567 amends sections 1170 and 1170.1 and provides that the court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by a judge in a court trial. (§ 1170, subd. (b)(2).) However, Senate Bill No. 567 also provides that the court may consider a defendant's prior convictions in determining a sentence based on a certified record of conviction, without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).)

On April 21, 2022, the trial court denied the petition for recall of sentence, finding that the upper term previously imposed on Count 1 was based on prior convictions proven to the court beyond a reasonable doubt at the bifurcated court trial on May 3, 2019. On May 6, 2022, appellant filed a timely notice of appeal.

We appointed counsel to represent appellant. After examining the record, counsel filed an opening brief raising no issues and asked this court to review the record independently, citing *People v. Serrano* (2012) 211 Cal.App.4th 496. On November 28, 2022, we advised appellant, pursuant to *People v. Wende,* that he had 30 days within which to personally submit any contentions or issues he wished us to consider. Appellant did not file a supplemental brief.

We acknowledge we are permitted to decline to independently review the record before us if all conditions required by *People v. Delgadillo* (2022) 14 Cal.5th 216 are met. In this appeal, we failed to advise appellant that his appeal would be dismissed as abandoned if he did not file a supplemental brief. This advisement is required by *People v. Delgadillo.* For that reason, we conduct an independent review pursuant to *People v. Wende.* (*Delgadillo,* at p. 222.)

We have examined the entire record before us and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**.


STRATTON, P. J.

We concur:



GRIMES, J.



VIRAMONTES, J.